## W. W. LIPSCOMB ET AL. V. R. J. UNDERWOOD ET AL.

### No. 588.

**Construction of Deed—Case in Judgment.**—In a partition of the estate of Stephen F. Austin, in 1846, to Mrs. Hill, one of the heirs, was allotted one-fourth of his estate, and to Mrs. Perry the remainder. In the deeds of partition, among other lands, Mrs. Perry conveyed to Mrs. Hill one-half a league of land in Wharton County, being league number 1, abstract number 4, granted to S. F. Austin. In her deed giving the boundaries of the half-league, it appeared that it contained 2214 acres, and was taken out of the middle of the league; and Mrs. Hill conveyed to Mrs. Perry all the remainder of the league. In 1875, it was discovered that there was an excess of 1270 acres in the league. In the partition of Mrs. Hill's estate after her death her interest in the league was described as 2214 acres, and it was so described in the deed from her heir to Underwood, and in his deed to Brooks, and in the deed of Brooks, administratrix, to Quinan. It does not appear that this excess was known to Mrs. Hill and Mrs. Perry in 1846, when they partitioned. *Held*, that the subsequent vendees under Mrs. Hill only took 2214 acres, and the heirs of Mrs. Perry were entitled to all the excess.

APPEAL from Wharton.   Tried below before Hon. T. S. REESE.

*Bryan & Munson*, for appellants.—The court erred in holding that the deed of partition between Mrs. Perry and Mrs. Hill conveyed more than 2214 acres of land out of the league in question.

In measurements of lands in Texas the league and its subdivisions are well understood, and convey as definite an idea of the quantity of land conveyed as does the acre—i. e., in common acceptation the league is 4428 acres; the half, 2214 acres.

"As men bind themselves, so must they stand bound." Menard v. Sydnor, 29 Texas, 257.

When the intention of the parties is expressed in plain and unmistakable language, strained and arbitrary rules of construction can not be resorted to. 2 Dev. on Deeds, sec. 836.

The acts of the parties show what construction they put upon the deed, viz., that one-half of a league of land, or 2214 acres of land, was conveyed to Mrs. Hill out of said league. Linney v. Wood, 66 Texas, 22; Stone v. Clark, 35 Am. Dec.; 2 Dev. on Deeds, secs. 839, 851, 1042.

*Duff & Brooks*, for appellees.—1. In construing a deed the court places itself as nearly as possible in the situation of the contracting parties, and will give force and effect to that construction which will carry out and accomplish the evident intention of the contracting parties. Swisher v. Grumbles, 18 Texas, 174; Woods v. Robinson, 58 Texas, 655; Johnson v. Garrett, 25 Texas Supp., 13, 20; Hancock v. Butler, 21 Texas, 804; Pugh v. Mays, 60 Texas, 191; James v. Adams & Wicks, 64 Texas, 197; 9 Myer's Fed. Dig., secs. 247, 248.

2. Vague, uncertain, and indefinite words or expressions should be read and construed in the light of what precedes and follows in the same instrument, and should not be separated and isolated from the balance of the instrument. A careful reading of the deed of partition between Mrs. Hill and Mrs. Perry will not leave the shadow of a doubt upon the mind of any one as to what the parties meant and intended by the language used in making partition of the land in controversy.

PLEASANTS, ASSOCIATE JUSTICE.—This appeal is from a judgment of the District Court of Wharton County, and is submitted to this court upon an agreed statement of the pleadings and facts under the provisions of articles 1413, 1414, and 1415 of the Revised Statutes. The suit was originally instituted in 1889, by the heirs of A. Underwood against George Quinan, W. W. Lipscomb, and others claiming under said Quinan and Lipscomb, and J. S. Rogers, for the recovery of one-half of a tract of land situate in Wharton County, and described in the petition as "league number one (1), abstract number four (4), granted to Stephen F. Austin, and lying east of two leagues on the Colorado River, known as the Austin and Hawkins leagues, and running to the west bank of the Bernard River; it being the same land allotted to Eliza M. Hill in the partition of the estate of said Stephen F. Austin, shown by deed of partition, executed by said Eliza M. Hill and Mrs. Emily M. Perry and her husband, in September, 1846." After it was discovered by actual survey that the league number one (1), abstract number four (4), contained an excess of some 1270 acres of land, W. J. Bryan, the heir of Mrs. Perry, deceased, was made a party defendant; and the heirs of J. W. Brooks, deceased, intervened in the suit, claiming to be the owners of one-fourth of the excess. The defendants pleaded general demurrers and general denials, and the defendant Bryan pleaded in reconvention, and prayed to have cloud removed from his title, and for writ of possession for the entire league, save and except the 2214 acres conveyed to Mrs. Hill by the deed of partition between her and Mrs. Perry, in 1846.

By an agreement between all parties, the court rendered judgment on the 26th of October, 1893, against the defendant Bryan, and the plaintiff and intervenors, and in favor of the other defendants, for 2327 acres of the league, to be taken therefrom in accordance with the boundaries given for the portion of the league conveyed as aforesaid to Mrs. Hill in 1846, by deed of partition executed by her and Mrs. Perry, and in favor of defendant Bryan, and plaintiffs and intervenors, against the other defendants, for all of the remainder of said league. A severance was granted to defendant Bryan; and afterwards, on the 6th of November, 1893, the cause came on for trial between the plaintiffs and intervenors and defendant Bryan; and all matters of fact as

well as of law being by agreement of parties submitted to the judge of the court, judgment was rendered for plaintiffs and intervenors, against the defendant, for 521 acres of land, being all of the tract save the 2327 acres previously adjudged by agreement to the other defendant described in plaintiff's second amended original petition; and from this judgment the defendant appealed.    By this judgment, the defendant Bryan is allotted but one-half of the excess in the league, after deducting therefrom the 113 acres which, by an agreement of all parties, had been previously adjudged to the other defendants in this suit. Bryan insists, that under the deed of partition between Mrs. Hill and Mrs. Perry, he is the rightful owner of all the league save and except that portion thereof which by the deed is conveyed to Mrs. Hill; and that portion, he contends, is, by the express words of the conveyance, restricted to 2214 acres.    There had been litigation betwen Mrs. Hill and Mrs. Perry and her husband, who was the executor of the will of Stephen F. Austin, over the estate of Austin, when, in 1842, two judgments were rendered by agreement between the parties by the Supreme Court of the Republic of Texas, which adjusted all matters in controversy between Mrs. Hill and Mr. Perry, the executor, and established Mrs. Hill's claim to one-fourth of the assets, real and personal, of the estate of Stephen F. Austin; and in 1846, Mrs. Hill, joined by her husband, and Mrs. Perry, joined by her husband, made partition of most of the real property, by deed duly executed and recorded in Brazoria County.    In this deed, after referring to the judgments rendered by Supreme Court in 1842, the parties declared their willingness to abide by and perform those decrees; and after reciting that there had been previous difficulties between the parties relative to said estate and the administration thereof by the executors of Austin's will, and that they were anxious to amicably settle forever all matters of difference between them, Mrs. Perry, in consideration of the premises, and of the payment of $10 by Mrs. Hill, conveys to the latter and her heirs forever one-fourth of all the lands belonging to the estate of Stephen F. Austin, deceased, with the exception of the lands specially devised by his will, and lands embraced in the empressario contract of Austin and Williams; and Mrs. Hill conveys to Mrs. Perry, in consideration of the premises, and of the payment by the latter of $10, all of the right, title, and interest, claim or demand, which she has or may have in and to the said estate of Stephen F. Austin in this State, whether the same consists of real or personal property, or choses in action, with the exception, however, of the one-fourth conveyed by the deed to Mrs. Hill by Mrs. Perry. After these general conveyances between the parties to the indenture, they proceeded to make partition of the lands in which they are tenants in common, and each makes to the other a special conveyance of her allotted share in each of the tracts partitioned between them.    In making the partition, in some instances, several tracts are grouped,

and each group is designated a class, and given its appropriate number. Class numbered 2, which contains over 30,000 acres of land situated in the counties of Brazoria and Wharton, is composed of several tracts lying on Oyster Creek, the Brazos, the Colorado, and the Bernard rivers. The land in controversy is included in this class, and in the deed of partition is allotted to Mrs. Hill; and is thus described: "One-half of a league of land, to be bounded as follows: beginning at the lower corner of the tract of land which was allotted to the said Eliza M. Hill in the partition of the league of land lastly above described, and from thence running in a straight line with the lower line of said tract eastwardly to the Bernard; and thence up the Bernard, as it meanders, to a point from which a line, to be drawn parallel with the line first described, to the back line of said league, and from thence southwardly along the back line to the place of beginning, will embrace the quantity of land aforesaid."

. The only question submitted for our decision is, do these words convey to Mrs. Hill one-half of the lands contained within the boundaries of the league partitioned, or do they convey only 2214 acres of said lands? The words of conveyance must be taken in their usual and ordinary meaning, unless from the context of the deed it is manifest that the parties employed the words to express something different from their ordinary signification. In all of the thirteen clauses of the deed, save this and one other, which convey to Mrs. Hill specific portions of the land embraced in the different classes, such portions are described as a definite number of acres, or a fractional portion (such as one-fourth or one-half), of the tract partitioned. There are thirteen such clauses in the deed of partition. In one of these the land conveyed to Mrs. Hill, is "three-eighths of a league," to be taken from one of the leagues embraced in the class to which the clause of conveyance refers.

In the partition of Mrs. Hill's estate after her death, this land is described as containing 2214 acres of land, and it was set apart and allotted to E. P. Hill; and he conveyed it to A. Underwood and J. W. Brooks, through whom the plaintiffs and intervenors claim, as heirs and devisees; and in his deed Hill also describes the land as 2214 acres; and after Brooks' death his administrator had the land run out, and sold 2214 acres to Quinan. The league actually contains 5697¾ acres, being an excess of 1269⅔. This excess was not known to plaintiffs and intervenors until 1893. Whether this excess was known to Mrs. Hill and Perry at the time of the partition between them, does not definitely appear from the record. The deed recites that this league and another adjoining it, and a half-league lying on the west bank of the Colorado River, all three of which are embraced in class number 2, and a portion of each of which was allotted to Mrs. Hill, contain about two and one-half leagues. This is all the evidence con-

tained in the record touching the knowledge of Mrs. Hill and Perry as to the quantity of land contained in this league. Quinan, after his purchase, had the league surveyed in 1875, and ascertained that it contained the excess mentioned above; and he proposed to the defendant, Bryan, that this excess should be divided between them. But Bryan declined, claiming that the deed of partition only gave to Mrs. Hill 2214 acres of the league; and Quinan seems to have made no further demand for a division. But whether Quinan acquiesced in Bryan's interpretation of the deed of partition, or whether he declined to pursue his claim further, from the fact that he bought at the sale of the administrator of Brooks' estate, and that at such sale he purchased the land in several tracts, each containing not exceeding 40 acres, and all aggregating 2214 acres, does not appear from the statement of facts agreed on by the parties.

The context of the deed of partition, considered with decrees of the court to which the deed refers, does not in our judgment show, that in using the words, "a half of a league," in conveying to Mrs. Hill the portion of league number 1, abstract number 4, which was allotted to her, the parties to the indenture employed those words in any other than their usual and ordinary signification. On the other hand, the marked difference of the terms used in conveying this land and those used in other clauses of the conveyance in the deed, is a circumstance tending strongly to show that by the words, "one-half of a league," it was the intention to convey 2214 acres of land, and no more. This view is strengthened when we consider the conduct of Mrs. Hill's heirs and that of their immediate vendees in regard to the land.

We are of the opinion, that the lower court erred in its interpretation of the deed of partition between Mrs. Perry and Mrs. Hill, and the judgment of that court is reversed; and this court, proceeding to render the judgment which should have been rendered by the lower court, decrees to the defendant, Bryan, all of the land contained in the league described in the petition as league number 1, and abstract number 4, save and except that portion thereof which was adjudged by the District Court of Wharton County on the 26th of October, 1893, by agreement between all parties, to the other defendants in this suit; and adjudges and orders that the appellant, the said Bryan, recover all costs by him expended or incurred in this and the lower court, against the plaintiffs and intervenors.

*Reversed and rendered.*

Delivered May 31, 1894.

Writ of error refused by Supreme Court, October 15, 1894.